Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32399-0100
Dear Mr. Miller:
This is in response to your request for my opinion on the following question:
 ARE GREENS FEES FOR PUBLIC GOLF COURSES RUN BY GOVERNMENTAL ENTITIES TAXABLE UNDER CH. 212, F.S.?
In summary, I am of the opinion that:
 1. Greens fees charged on or before June 30, 1987, for the use of public golf courses run by governmental entities, are taxable as admissions under Ch. 212, F.S.
 2. Greens fees charged on and after July 1, 1987, for the use of public golf courses run by governmental entities, except for such fees or admissions charges imposed in conjunction with important or remarkable athletic events of limited duration or with other events of a similar nature that take place on public golf courses under the sponsorship of governmental entities, are taxable under Ch. 212, F.S.
Part I of Ch. 212, F.S., provides for the imposition of various taxes, including a tax on admissions. Section 212.04(1)(a), F.S., provides:
 It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who sells or receives anything of value by way of admissions.
For the purposes of Ch. 212, F.S., the word "[p]erson" is defined to include any political subdivision, municipality, state agency, bureau, or department.[1] The word "admissions" is defined to include greens fees.[2] Therefore, a governmental entity is a "person" within the meaning of s. 212.02(1), F.S., and greens fees are "admissions" within the meaning of s. 212.02(16), F.S.
Exemptions from the admissions tax imposed by s. 212.04, F.S., do not include greens fees charged for the use of public golf courses run by governmental entities. Section 212.08(13), F.S. (1986 Supp.), provides:
 No transactions shall be exempt from the tax imposed by this chapter except those expressly exempted herein. . . .
 The Legislature has, however, enacted a limited exemption for governmental entities, effective July 1, 1987, from the tax on admissions.[3] As amended by the enactment, s. 212.04(2)(a)5, F.S., provides:
 No tax shall be levied on admissions to athletic or other events sponsored by governmental entities.
The phrase "athletic or other events" is not defined. However, it is a rule of statutory construction that words of common usage, when used in a statute, should be construed in their plain and ordinary sense.[4] In addition, where the enumeration of specific things is followed by a more general word or phrase, the general phrase is construed to refer to a thing of the same kind or species as included within the preceding limiting and more confining terms.[5]
Under the foregoing rules of statutory construction, the general phrase "other events" refers to events of the same, or similar, kind or nature as an "athletic" event. The word "event" has been defined as that which comes, arrives, or happens, especially an incident which is important or remarkable.[6]
Therefore, it is my opinion that the phrase "athletic or other events" does not refer to the routine use of public golf courses run by governmental entities for which greens fees are charged but refers to those important or remarkable athletic events of limited duration and to other events of a similar nature that take place on public golf courses under the sponsorship of governmental entities.
A similar conclusion is set forth in Rule 12AER87-11(23)4.a., F.A.C., which provides:
 For purposes of this exemption, an event is a scheduled activity in which one or more athletes . . . is to engage in athletics or sports . . . at which spectators, either live or by broadcast media, are anticipated.
Similarly, my opinion concerning the proper construction of the phrase "athletic and other events" is consistent with Rule 12AER87-11(8)(d), which provides that fees charged by governmental entities for recreation programs are exempt from the tax on the sale or use of services, as such fees have been interpreted by your department to mean participation fees for softball tournaments and the like, which are important or remarkable events of limited duration.
Your request addressed s. 212.0591(5), F.S., as created by s. 2, Ch. 87-6, Laws of Florida, which provides:
 No exemption from the sales and use tax on services imposed by s. 212.059(1) or (2) shall be deemed to exempt transactions that were subject to taxation pursuant to other provisions of this part on January 1, 1987. (e.s.)
You have noted that greens fees for the use of public golf courses run by governmental entities were taxable as admissions on January 1, 1987.
Your request also addressed Ch. 87-101, Laws of Florida, which amended s. 212.0592, F.S., as created by Ch. 87-6, Laws of Florida, to provide:
 212.0592 Exemptions from sales or use tax on services. — There shall be exempt from the tax on the sale or use of services imposed by ss. 212.059(1) or (2), 212.0594, and 212.0595 the following:
* * * * *
 (43) Amusement and recreation services enumerated in SIC Group Numbers 792, 793, 794 and 799, and museums, art galleries, botanical and zoological garden services enumerated in SIC Major Group 84. However, this exemption shall not be construed to exempt admissions charges . . . taxable pursuant to other provisions of this part. . . . (e.s.)
I conclude that the provisions of ss. 212.0591(5) and 212.0592(43), F.S., to the extent that they deal with exemptions from the tax on the use or sale of services, as distinguished from the tax on admissions, are not relevant to resolution of your request. The provisions of those sections that are relevant to the admissions tax, however, clearly establish a legislative intent to preserve and continue the previously existing admissions tax.
It is my opinion that greens fees charged on or before June 30, 1987, for the routine use of public golf courses run by governmental entities are taxable as admissions under Ch. 212, F.S. Further, such fees will continue to be taxable as admissions on and after July 1, 1987. Greens fees or admissions charges respectively imposed on participants and spectators on and after July 1, 1987, in conjunction with important or remarkable athletic events of limited duration and with other events of a similar nature that take place on public golf courses under the sponsorship of governmental entities, are exempt from the tax on admissions imposed by Ch. 212, F.S.
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 212.02(1), F.S.
[2] Section 212.02(16), F.S.
[3] Section 11, Ch. 87-101, Laws of Florida, amending paragraph (a) of subsection (2) of s. 212.04, F.S., as amended by Ch. 87-6, Laws of Florida.
[4] Pedersen v. Green, 105 So.2d 1 (Fla. 1958).
[5] Hanna v. Sunrise Recreation, Inc., 94 So.2d 597 (Fla. 1957).
[6] Black's Law Dictionary 654 (Revised 4th ed. 1968). And see, Webster's New Twentieth Century Dictionary 633 (unabridged 2nd ed. 1971).